In The Matter Of: The Adoption Of
Deena Lee Slater Truslow
(No. 15108)
Decided July 17, 1981.

*W. E. Mohler* for Truslow.

*A. Dana Kahle* for Shelek.

HARSHBARGER, CHIEF JUSTICE:

Susan Kay Truslow, the natural mother of Deena Lee Slater Truslow, appeals from an order of the Circuit Court of Ohio County entered on May 5, 1980, granting a petition by Rosetta Marie Shelek to adopt Deena.

Susan Truslow killed her husband, Claude, on February 4, 1979. Sometime in March or April of that year she placed her then fifteen-month-old daughter, Deena, in Mrs. Shelek's home and on June 22, 1979, signed a consent for Mrs. Shelek to adopt the child. Truslow was subsequently convicted of voluntary manslaughter in the Circuit Court of Kanawha County and was sentenced to confinement in

the West Virginia Prison for Women at Pence Springs, for a term of one to five years.

Mrs. Shelek's petition to adopt Deena was granted on September 7, 1979, but Truslow sought vacation of that decree because her consent was obtained by fraud, and because the petition was filed before Deena had lived with Mrs. Shelek six months. W. Va. Code, 48-4-1(c). Truslow's petition to vacate, failed on its allegations of fraud, but the trial court found that Deena had not lived with Mrs. Shelek for six months or more before Mrs. Shelek petitioned to adopt her. Mrs. Shelek filed again, six months having passed, and after hearing her petition was granted.

Truslow's first assignment is that her evidence tended to prove that Mrs. Shelek was not of good moral character and of good standing in the community, and that Deena's best interests would not be promoted by the adoption; and that the circuit court "did not recite at length" the facts proved.

The court made extensive findings of fact in a Memorandum of Opinion, incorporated by reference into its final decree in which it concluded that Mrs. Shelek was a fit and proper person to adopt Deena, whose best interests were served by the adoption, and we believe it did not abuse its discretion.

> An adoption of a child should not be revoked merely because the natural parent or parents, who formally consented to the adoption, subsequently experience a change of mind on the subject. In the absence of fraud in the adoption proceedings or a showing that the best interests of the child would be subserved by annulling the adoption, the court should refuse to disturb the same.
>
> *Lane v. Pippin,* 110 W.Va. 357,
> 158 S.E. 673 (1931), Syllabus.

There was no evidence of fraud and little evidence that Deena's best interests would be served by returning her to her natural mother or removing her from Mrs. Shelek.

Truslow's claim that she revoked her consent and could do so because it was obtained by fraud and under duress while she was awaiting trial for shooting her husband, was not proved. She relied on W. Va. Code, 48-4-1a:

> Parental consent or relinquishment, of legal custody for adoption purposes, if given prior to the expiration of seventy-two hours after the birth of the child, may be revoked by such parent within ten days after the birth of said child. Except as provided in the preceding sentence and except where a court of competent jurisdiction finds that such consent or relinquishment for adoption was obtained by fraud or duress, no consent or relinquishment of legal custody for adoption of a child, whether given by an adult or a minor, shall be revocable . . . .

The circuit court in its first hearing specifically found no proof of fraud. There was no appeal from its order and in the second adoption proceeding it was entitled to rely upon its former finding.

One Charles J. Knapp made affidavit that he is the natural father of Deena, and that he never consented to her adoption by anyone. W. Va. Code, 48-4-1 requires that both mother and *determined father* (if a child is illegitimate) consent to an adoption.

Susan Truslow did not attempt to prove at either hearing that Knapp was Deena's father; contrarily, her adoption consent stated that Deena's father was Claude Weldon Truslow, deceased. Also, Deena was listed as Claude's daughter in his estate's appraisement that Truslow signed, attesting to its truth. There was absolutely no credible evidence that Charles Knapp is Deena's father, and certainly none to show that he is her "determined" father per W. Va. Code, 48-4-1.

Truslow also claims that because she was in prison, adoption proceedings were void—notice of hearing was not served upon a committee appointed for her, there being no committee. *See* W. Va. Code, 28-5-3 and W. Va. Code, 28-5-36.

Notice must be given a natural parent who is alleged to have abandoned a child, W. Va. Code, 48-4-1(b)(1); but Susan Truslow consented to her daughter's adoption and so was not entitled to notice.

Finally, Truslow states that the adoption decree is defective because the appointment of Mr. Michael

McGuane as next friend was not published as required by W. Va. Code, 48-4-3:

> If it shall be necessary, under the provisions of this article, that a discreet and suitable person shall be appointed to act as the next friend of the child sought to be adopted, then and in that case the court or judge thereof shall order a notice of the petition and of the time and place when and where the appointment of next friend will be made, to be published as a Class II legal advertisement in compliance with the provisions of article three [§59-3-1 et seq.], chapter fifty-nine of this Code, and the publication area for such publication shall be the county where such court is located.

She did not mention Section 1 of this same article [W. Va. Code, 48-4-1]:

> If both parents are either dead, unknown, insane, have abandoned the child sought to be adopted or have been deprived of the custody of the person of such child by law, then and in such case, the written consent, acknowledged as aforesaid, of the legal guardian of such child or those having at the time the legal custody of the child shall be obtained and so presented, and if there be no legal guardian nor any person having the legal custody of the child, then such consent must be obtained from some discreet and suitable person appointed by the court or judge thereof to act as the next friend of such child in the adoption proceedings.

These sections must be read in *pari materia*. These are functions of a next friend: to inspect a prospective home for suitability and to determine whether a child is a proper subject for adoption; and to consent to an adoption when both natural parents "are either dead, unknown, insane, have abandoned the child . . . or have been deprived of the custody of the person of such child by law" and there is no legal guardian or person having legal custody. *See,* W. Va. Code, 48-4-1(b)(1).

The clear legislative purpose for requiring publication about appointment of a next friend in W. Va. Code, 48-4-3, appears to us to have been to give notice to natural parents

of a child that proceedings would take place at some future date, and that a named person had been appointed to consent to adoption. W. Va. Code, 48-4-3, does not require publication about appointment of a next friend whose only office is to determine whether a child is suitable for adoption and whether adoptors have a suitable home for the child, consent having been given by the child's only living parent.

The Circuit Court of Ohio County is affirmed.

*Affirmed.*